■ JOSEPH R. VASILE et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 44489.) — Judgment modified on the law and facts reducing the amount of the award to $45,295, and as modified affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings made. Memorandum: The appropriation on April 6, 1964 took 14.479 acres of claimants' land which they purchased on August 28, 1963 for $1,586 per acre and also took .496 acre which they purchased on September 16, 1963 for $5,000. The trial court, in awarding direct damages of $149,750 and consequential damages of $72,100 to 15.345 land-locked acres, erroneously disregarded the amount that claimants paid for the land less than eight months prior to the taking and did not consider the assessed valuation thereof. Evidence of the sales to claimants and the assessed valuation of the land was relevant, material and competent upon the issue of damages. (Court of Claims Act, § 16.) Being recent in time and not explained away as abnormal in any fashion it was "the very best evidence, because directly reflective of market value" (*Matter of Lane Bryant* v. *Tax Comm. of City of New York*, 21 A D 2d 669, 670, affd. 19 N Y 2d 715). Claimants' expert based his opinion on market value and appraised the property at $24,000 per acre. None of the comparable sales used by him were of property located in the vicinity of the land appropriated or in a comparable area. State's expert valued the land taken at $2,000 per acre. The record shows that claimants' purchases of

the subject property were normal arm's length transactions. In view of the wide discrepancy in estimates by the experts and the closeness in time of the purchases, the purchase price was the best and most substantial evidence of market value (*Rose v. State of New York,* 29 A D 2d 1003, 1007; *Matter of Lane Bryant v. Tax Comm. of City of New York, supra; Ryan v. State of New York,* 45 Misc 2d 917). The disregard of this evidence by the trial court resulted in an erroneous valuation of the property appropriated. (*Matter of City of New York (Maxwell),* 15 A D 2d 153, 162, affd. 12 N Y 2d 1086.) Giving consideration to the conflicting estimates of the experts and according proper weight to the prior sales of the property to claimants and the assessed valuation thereof the award should be reduced to $45,295, $29,950 of which represents direct damages and $15,345 consequential damages to the 15.345-acre parcel landlocked by the appropriation. All concur, except Goldman and Witmer, JJ., who dissent and vote to modify the judgment by reducing the award to $131,250, in the following Memorandum: We agree with the majority that claimants' expert's valuation of $24,000 per acre is not supported by the proof and, further, that the comparable sales were in fact not comparable. However, in our judgment, the amount awarded by the majority does not give sufficient weight to the following facts. The claimants assembled eight parcels and by reason of experience and background made purchases at prices substantially below market value. By this acquisition claimants owned the majority of all land in the village zoned for apartment use. Claimants further had made extensive arrangements with architects, attorneys, finance organizations, had secured a mortgage commitment and a building permit and had actually completed 64 units on land not taken shortly after the appropriation of the parcels included in this action. We find that the fair market value of the land was $5,000 an acre. The approximately 15 acres directly taken are, therefore, valued at $75,000. Claimants were left with approximately 15 acres which were landlocked by the taking and should receive 75% of their value, or $56,250, as consequential damages. We would, therefore, modify the award by reducing it to $131,250. (Appeals from judgment of Court of Claims awarding damages for permanent appropriation of real property.) Present — Bastow, P. J., Williams, Goldman, Witmer and Henry, JJ.