■ SPECIALTY FOODS CORP., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 52051.) — Appeal from a judgment, entered April 30, 1973, from a decision of the Court of Claims. Claimant, engaged in the processing and marketing of canned food for institutional feeding, had appropriated by the State, in connection with the construction of Route 17, a portion of its land, vacant and not used for any business purpose at the time of the appropriation. Claimant's main dispute is with the trial court's denial of consequential damages. While it is true that claimant had made plans for future development involving the land taken, the trial court properly denied damages for " frustration of plans for business expansion " (*Frontier Town Props.* v. *State of New York*, 36 A D 2d 148; *Benjamin* v. *State of New York*, 31 A D 2d 579; *Tobin Packing Co.* v. *State of New York*, 26 A D 2d 986; *Mercury Aircraft* v. *State of New York*, 24 A D 2d 836; cf. *Broome County Extension Serv. Assn.* v. *State of New York*, 23 A D 2d 938). On the other hand the claimant's cost in preparing the development plans should have been reflected in the market value of the property as an increment added to the value of the land considering its highest and best use (*Banner Milling Co.* V. *State of New York*, 240 N. Y. 533, cert. den. 269 U. S. 582; *Rustcon Developers* v. *State of New York*, 33 A D 2d 582). Such was clearly not the case here; the trial court basing its before value solely on the testimony of the State's expert. The fact that the plans had not been approved is not controlling since at the time when the claimant was prepared to begin construction in accordance with the plans a moratorium had apparently been imposed upon the issuance of building permits in the area (see *Salomone & Co.* v. *State of New York*, 40 A D 2d 916). This increment in market value from such expenditures could reasonably amount to the actual cost of the expenditures although it might be less or even be higher (*Rustcon Developers* v. *State of New York, supra*, p. 583). However, we find no other error requiring reversal and on reviewing the entire record, despite the error noted, we find the fair market value of the land before the taking to be $107,200, found by the trial court plus $5,000 to reflect the enhancement value of the plans, and an after value of $58,100 for a total direct damages of $54,100. Judgment modified, on the law and the facts, so as to increase the award to claimant to $54,100, thereby decreasing the award in favor of the State to

$20,150, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Cooke, Main and Reynolds, JJ., concur; Greenblott, J., taking no part.