■ WHITE PLAINS URBAN RENEWAL AGENCY, Appellant, v. 56 GRAND STREET ASSOCIATES, Respondent, et al., Respondents.— In a condemnation proceeding, the condemnor appeals from an order of the Supreme Court, Westchester County, dated June 27, 1974, which granted a motion by the fee owner to vacate the condemnor's notice to require said owner to submit to examination before trial and to produce certain books, records and papers. Order modified (1) by adding thereto, immediately after the provision in the first decretal paragraph that the motion is granted, the following: "only as to items 5 and 6 of the notice to examine" and (2) by deleting the remainder of that paragraph and all of the second ordering paragraph. As so modified, order affirmed, without costs. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by petitioner, or at such time and place as the parties may agree. Pretrial disclosure may be allowed in a condemnation proceeding when warranted by the circumstances of

the case and in the interest of justice (*Matter of Huie [Friedman's Lake View Hotel]*, 208 Misc. 82; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.21, 3140.01). In our opinion, pretrial disclosure will facilitate the ultimate determination as to the fair and just compensation to be paid to the owner for the taking from it of the subject property. The material sought is both material and necessary (see *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 407). This court's determination in *White Plains Urban Renewal Agency* v. *Einhorn* (38 A D 2d 979) is distinguishable. In that case we noted that we limited our decision to the proposition that " the *appraisals* in question are not subject to pretrial disclosure " and that we reached " no other question " (emphasis supplied). The information sought by the condemnor in this case is necessary to assist it in the *preparation* of a proper appraisal report. Under subdivision (d) of this court's rule 678.1 (22 NYCRR 678.1 [d]) as revised, pertaining to the filing and exchange of appraisals and other data, we provided that appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, together with the facts, figures and calculations by which the conclusions were reached. Since the subject parcels are income producing, the capitalization of net income method is appropriate (cf. *Samuelson* v. *Salamanca Urban Renewal Agency*, 34 A D 2d 369). When actual proof in the form of records showing itemized income and operating costs and existing leases is available, these items should be the subject of disclosure. Moreover, by this determination we are not limiting the commissioners of appraisal and, ultimately, Special Term in considering any evidence not adduced at the pretrial disclosure in arriving at their determinations as to the fair and just compensation for the condemned property. Nor do we intend hereby to obviate the filing and exchange of appraisals and any other documents required to be filed and exchanged under this court's rule 678.1. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.