FOURTH DEPARTMENT, NOVEMBER, 1976

(November 5, 1976)

■ HOWARD A. CROSBY, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54394.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Claimant is the owner of two parcels of land developed as farms in the Town of Hinsdale, Cattaraugus County. In 1970 the State appropriated portions of the two parcels for highway purposes. The Court of Claims awarded damages of $88,380 plus interest for the taking. Both parties appeal. Of the several points raised in this complex case, only the indirect damages with respect to the landlocked portion of Parcel No. 2 and the damages for the commercial frontage of Parcel No. 1 require comment or modification. With respect to Parcel No. 2, the court determined that 52 acres of recreational land had been landlocked as a result of the appropriation and awarded damages in the amount of $140 per acre for that tract of land. Claimant challenges the quantity of land, claiming that actually 72 acres were landlocked. The State challenges the measure of damages, claiming the court's use of $140 per acre is not supported by the record. It is apparent from the maps of the State appraiser that 72 acres of land was actually landlocked and that the court and the State appraiser incorrectly computed the quantity of land without access,

transposing the acreage east of the taking with that remaining landlocked west of the taking. Furthermore, the court's determination of the amount of damages to this parcel is not supported by the record. Since the court accepted the highest and best use of the State's appraiser and that use was inconsistent with the claimant's, there was no range of value and the award must be predicated on the State's evidence of $120 per acre with such adjustments as the evidence will support. We find no basis for the adjustments the court apparently made to the State's before and after value for this parcel, and the State's damage figure of $120 per acre should have been accepted. The court's finding of $7,280 indirect damages to Parcel No. 2 is modified to award damages in the amount of $120 per acre for 72 acres of land damaged, or $8,640. The damages awarded for the commercial property Parcel No. 1 must also be modified. The trial court found that claimant owned 42 acres of land along New York State Route 16, with a potential highest and best use of commercial lots to a depth of 600 feet and that the land had a value of $1,200 per acre. This value was based upon two comparable sales used by the State in which the per acre value was determined by erroneously including land under a highway and in a creek bed and land in excess of 600 feet depth. When appropriate adjustments are made to eliminate these portions of the sale property, State comparable sale L-3 had a value of $1,863 per acre, adjusted downward $500 (as the State's appraiser did) for size to the sum of $1,363. This comparable contained no adjustment for time or location and inasmuch as the court accepted the claimant's evidence for those items in other parts of its award, we adjust State comparable sale L-3 10% for time and 10% for location, or $372 per acre, resulting in an adjusted value for sale L-3 of $1,735 per acre, or $1,750 rounded. Similar adjustments cannot be made for State's comparable sale L-4 because of the lack of evidence in the record, but we deem this evidence sufficient to determine the proper award. The direct taking for 16 acres of commercial land at $1,750 per acre should be $28,000, rather than the sum of $19,200 found by the trial court. The consequential damages for the remaining commercial property was found by the trial court to be $5,200 (26 acres times $200). There is no evidence in the record to support this determination. The State's appraiser found no consequential damages to the remaining commercial property and the claimant's appraiser found the property had commercial value only to a depth of 200 feet. Claimant now contends, inconsistently, that the back 400 feet of this commercial land has been damaged because of its irregular shape. We find no such damage. The one item of consequential damage, a sliver of frontage too narrow for full development, was said to be damaged $788. Adjusting that .12-acre parcel, valued at $1,750 and damaged 90%, we find consequential damages to it in the amount of $189, rounded to $200. In summary, the award for indirect damages to Parcel No. 2 should be increased $1,360 ($8,640 minus $7,280); the award for the direct taking of 16 acres of commercial land should be increased $8,800 ($28,000 minus $19,200) and the consequential damages to the remaining commercial land should be reduced $5,000 ($5,200 minus $200), for a total increase of $5,160, making the award $93,540 plus interest. We have considered the other points advanced by the parties on these cross appeals and find them without merit. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.