Memorandum. We would affirm the order of the Appellate Division, but find it necessary to clarify the proper basis for the result reached. The measure of damages for a partial taking of real property is the difference between the property’s value before the condemnation and the value afterward. To calculate the before-taking value, the Court of Claims upwardly adjusted the sales price of a comparable parcel by the depreciated cost of converting that parcel to use as a small animal hospital. Such an adjustment actually resulted in the finding of a replacement value, which value is only relevant in
 
 *901
 
 appraising a specialty. The subject property was not a specialty since it had a potential to be and was eventually used for purposes other than as a small animal hospital. Thus, the Appellate Division properly modified the condemnation award by deleting this adjustment for renovation costs. Nonetheless, the claimant was entitled to recover the value of fixtures whose utility was destroyed when the partial taking made it impossible to continue to use the premises as a small animal hospital.
 

 Whenever such an increment is authorized, as it is here, the found increment value "must be based on sufficient evidence and be satisfactorily explained”.
 
 (Matter of County of Suffolk [Firester],
 
 37 NY2d 649, 653.) The Appellate Division found this value to be $9,350. While it would appear that the Appellate Division arbitrarily adjusted the value of the fixtures to be equal to some unexplained 10% of the before-value of the subject property, we find sufficient evidence in the record to support the award. The concrete dog runways, the chain-link fencing and gates, a special incinerator, and structural glass cages, all of which are fixtures for which compensation is due, had a value of between $9,224 and $9,619. Hence, the Appellate Division’s actual adjustment of valuation at $9,350 was "conformable with the weight of evidence”.
 
 (Matter of City of New York [Coogan],
 
 20 NY2d 618, 623.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.