■ In the Matter of DENNISON HOLDING CORPORATION, Appellant, v FINANCE ADMINISTRATOR OF CITY OF NEW YORK et al., Respondents. — In seven consolidated tax certiorari proceedings, petititoner appeals from a final judgment of the Supreme Court, Queens County (Kassoff, J.), dated March 24, 1980, which failed to grant assessment reductions to the full extent of its demand. Matter remitted to Special Term to make specific findings of fact and conclusions of law in support of its determination herein; appeal held in abeyance in the interim. Special Term shall file its report with all convenient speed. Specific findings are essential for a determination of this appeal (see *Shore Haven Apts. No. 6 v Commissioner of Fin. of City of N. Y.*, 87 AD2d 608). Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ In the Matter of FUFFY'S PANCAKE HOUSE, LTD., Doing Business as UMBERTO'S CLAM HOUSE, Petitioner, v EDWARD J. MCLAUGHLIN, et al., Individually and as Constituting the Chairman of State Liquor Authority, Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, dated June 8, 1981 and made after a hearing, which disapproved petitioner's application for an eating-place beer license. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State Liquor Authority for a new hearing and determination. The determination of the authority must be annulled. There was no evidence in the record to support a finding that Mr. Ianniello, the former principal of petitioner, is involved in petitioner's operation. Further, Mr. De Angelo, the current principal, was not notified of, or given an opportunity to refute charges of alleged violations which occurred in 1980 and 1981. The record also fails to shed any light on Mr. De Angelo's role in, or knowledge of, violations that occurred prior to his becoming the sole principal of petitioner. Since the authority's determination was based, at least in part, on the above, it must be annulled and a new hearing conducted. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.