■ In the Matter of the CITY OF NEW YORK, Respondent. JOMAR REAL ESTATE CORP., Appellant. — In a condemnation proceeding, the claimant appeals, as limited by its brief, from so much of the eighth separate and partial final decree of the Supreme Court, Richmond County (Ventiera, J.), dated June 18, 1981, as awarded it only $562,500 for its land taken in this matter, after a nonjury trial. Decree modified, on the law and the facts, so as to (1) increase the amount awarded in the second decretal paragraph thereof from $946,191 to $2,453,691, and (2) increase the amount set forth in the abstract of awards, annexed to the decree appealed from and referred to in the second decretal paragraph, for the final award of Jomar Real Estate Corp. from $562,500 to $2,070,000. As so modified, decree affirmed insofar as appealed from, with costs to claimant. The Trial Court's holding that the highest and best use of the subject premises was for industrial uses is against the weight of the evidence presented at trial. The claimant has established upon its proof that the highest and best use thereof is for a neighborhood shopping center, a commercial use. Commencing at a time several years prior to vesting date, the claimant began to improve its property towards the goal of constructing a neighborhood shopping center thereupon. The land was graded and leveled, it was cleared of an existing building and an abutting street was paved; sewers were installed with a number of connections sufficient to service the proposed shopping center. Plans for the shopping center were drawn, but were refused filing and approval by reasons of the impending condemnation. Though no formal feasibility study was done, claimant's expert testified to his familiarity with the area in general, to his experience with appraising and valuing commercial properties, including shopping centers, and, based upon his experience, stated that he believed the subject property would well support a local shopping center. Indeed, the area directly to the east of the subject property and directly across the street therefrom, was comprised of one and two-family homes, the occupants of which had limited shopping facilities within a one-mile range thereof. Of significance is the fact that the city's expert conceded that the property in question would be worth more as a commercial property, but that he just did not believe that a commercial enterprise would do well at this location. Such testimony does not rebut the claimant's proof. The claimant's proof establishes that the proposed use, that upon which its appraiser's main report was predicated for its highest and best use, i.e., a neighborhood shopping center, was one which was not merely speculative and which would have come to fruition had the cloud of condemnation not fallen upon this claimant (cf. *Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536). In view of our holding as to highest and best use, and the fact that the only proof of value contained in the record on appeal as to such use is contained in the claimant's expert's appraisal, the value found by such expert must be given full weight and, accordingly, is the basis for our award (see *Crosby v State of New York*, 54 AD2d 1064). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.