■ In the Matter of DENNISON HOLDING CORPORATION, Appellant, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Respondents. — In seven consolidated tax certiorari proceedings, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated March 24, 1980, as, after a nonjury trial, failed to grant assessment reductions to the full extent of its demand. By order of this court, dated June 21, 1982, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, for the making of findings of fact and specific conclusions of law in support of its determination herein (*Matter of Dennison Holding Corp. v Finance Administrator*, 88 AD2d 975). Special Term has filed its supplemental memorandum decision.

Judgment modified, on the law, by reducing the assessment of the subject premises for the 1977-1978 tax year to $215,000 ($82,000 for the land, and $133,000 for the building). As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

In 1977, the subject premises were sold in what Special Term recognized as an arm's-length transaction, in a free market, for $215,000, payable all in cash. Absent countervailing considerations, the sale price would be substantial proof of the value of the subject premises at that time (see *Grant Co. v Srogi*, 52 NY2d 496, 510). Although the city's expert testified that the absence of a mortgage deflated the sale price, he offered no suggestion as to the degree of such deflation nor any elaboration as to the type of mortgage which might raise the sales price to an accurate representation of market value. Special Term found that the sale price of $215,000 was a proper measure of value, however, it

also gave credence to the city's expert's statement and therefore set the assessed valuation of the property at $290,000. In addition, it refused to credit any of the comparables utilized by the city's expert in arriving at his valuation and, a fortiori, discounted his appraisal as well. We find several reasons for rejecting Special Term's determination in this regard. First, since the proof that the market value of the subject property during the 1977-1978 tax year was $215,000 was the only evaluation standing before Special Term, there was no range of values within which it could make a different finding as to market value. Accordingly, it was bound to accept petitioner's appraisal in this regard (cf. *Matter of City of New York [Jomar Real Estate Corp.]*, 94 AD2d 724, affd 61 NY2d 843). Second, the mere statement that the absence of a mortgage acts to deflate the sales price of a loft building, in and of itself, defies logic. We further note that Special Term failed to offer any citation to support its acceptance of the city's expert's statement as to the absence of the mortgage as being accepted appraisal trade practice or to provide any basis in its opinion for the increase in the valuation for this period which it added to the sale price of the subject premises.

We have considered appellant's remaining challenges to Special Term's determination and have found them to be without merit. Weinstein, J. P., Brown and Niehoff, JJ., concur.

Boyers, J., dissents and votes to affirm the judgment insofar as appealed from for reasons stated in the supplemental memorandum decision of Justice Kassoff at Special Term, dated January 26, 1983.