█ In the Matter of TOWN OF RIVERHEAD, Appellant, v SAFFALS ASSOCIATES, INC., Respondent.—In a condemnation proceeding, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Corso, J.H.O.), dated December 31, 1986, as is in favor of the claimant and against it in the principal sum $244,443.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The property which is the subject of this proceeding is located at 414 East Main Street within the Town of Riverhead. It is an irregular parcel of some 20,000 square feet in area, and is improved by 3 principal buildings, 2 of which contain a number of efficiency apartments, and the third of which is a fire-damaged one-family residence. The parcel is located in an area zoned "Business D", and its use, prior to the instant condemnation, as an apartment/boarding house complex, constituted a preexisting nonconforming use under the town's Zoning Code.

It is conceded that the Town of Riverhead has properly condemned the subject property, and the only question at the hearing and on this appeal is the value of the condemned property.

It is settled that if the highest and best use to which a property can be put is the one that the property presently serves and that use is income producing, the proper valuation method is the income or capitalization approach (see, e.g., Matter of City of New York [Oceanview Terrace], 42 NY2d 948, 949; White Plains Urban Renewal Agency v 56 Grand St. Assocs., 47 AD2d 536, 537). Here, experts for both parties testified that the highest and best use of the property was as a multifamily efficiency apartment complex, in essence, the use of the property at the time of condemnation. We find, therefore, that the hearing court properly rejected the valuation testimony of the town's expert, who relied upon the market data approach to reach his final value of $145,000. However, while claimant's appraiser used the income approach with respect to the multiple dwellings located on the premises, he also artificially subdivided the property and separately valued the one-family residence thereon through the market data approach. Under the circumstances, particularly as the claim-

ant conceded that zoning regulations would not permit such a subdivision, the hearing court was not obligated to accept the claimant's final, total valuation of $452,000, but could instead use all of the evidence in the record before it to arrive at its own determination of fair market value *(Matter of City of New York [Oceanview Terrace], supra,* at 949). Such an award, if different from the expert's appraisal, must be supported by sufficient evidence in the record and must be explained *(see, e.g., Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 433; *Lawyers Co-op. Publ. Co. v State of New York,* 47 AD2d 122, 124, *affd* 39 NY2d 760; *Matter of City of New York [Oceanview Terrace], supra).*

We find that the record supports the hearing court's use of the actual gross income generated by the property for the years 1980 through 1983 in its attempt to determine value. The actual income generated by the property in question is generally the surest indicator of its value *(see, Matter of City of New York [Franklin Record Center],* 69 AD2d 111, 113, *affd* 59 NY2d 57, 59; *Motsiff v State of New York,* 32 AD2d 729, *affd* 26 NY2d 692) and in this case the record supports the hearing court's rejection of the purported comparable incomes offered by the claimant's expert as not truly comparable to the subject property.

However, the hearing court erred in applying the capitalization rate contained in the 1985 report of the claimant's expert to the net operating incomes of the property for the years 1980 through 1983. No explanation is given for the adoption of this rate, nor does it appear from the record that a capitalization rate selected as appropriate in December 1985 would be relevant to income produced 3 to 4 years earlier. Therefore, we remit this case for the taking of testimony and a new determination of an appropriate capitalization rate to be used in each of the years for which income figures for the subject property are available. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.