■ In the Matter of TOWN OF OYSTER BAY, Appellant-Respondent, Relative to Acquiring Title to Real Property for Water Drainage Purposes at Syosset. PRE-SCHOOLER'S WORKSHOP CORP., Respondent-Appellant.—In a condemnation proceeding, the condemnor appeals on the ground of excessiveness and the claimant cross-appeals on the ground of inadequacy from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered March 1, 1989, which, inter alia, awarded the claimant the principal sum of $708,500, consisting of direct damages of $482,000 and consequential damages of $226,500 arising from the condemnor's partial taking of the claimant's property.

Ordered that the judgment is modified, on the law, by reducing the damages award to the principal sum of $482,000, representing direct damages; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

In this case, the Town of Oyster Bay condemned approximately 3.64 acres of the claimant's 7.17-acre parcel. A sump was constructed upon the condemned property. Situated on the remainder was a one-story school building where, both before and after the taking, the claimant operated a private school for children with various disabilities.

The Supreme Court concluded that before the taking, the claimant's parcel was worth $1,237,000, and that after the taking, the remainder was worth $755,000. The court therefore awarded direct damages of $482,000. In so doing, the court rejected the claimant's contention that, as a result of the taking, the claimant's operation of an educational institution on the remainder was in jeopardy. The determinations of the court in this regard were supported by the record and will not be disturbed (see, McDonald v State of New York, 42 NY2d 900; 51 NY Jur 2d, Eminent Domain, § 284).

In addition to direct damages, the Supreme Court awarded consequential damages, based on its finding that the remainder lost some of its inherent value as a result of the taking (see, City of Yonkers v State of New York, 40 NY2d 408, 413). The court held that this loss was equal to 30% of the remainder's after-taking value. However, the court's calculations are not supported by the widely divergent expert testimony in this case. Moreover, the record is devoid of any other evidence upon which the court's calculations can be based. Under such circumstances, it cannot be said that the court's independently derived determination with respect to consequential damages was supported by the record (cf., Matter of City of New York [Reiss], 55 NY2d 885; City of Yonkers v State of New York, 40 NY2d 408, supra). Accordingly, the judgment is modified by vacating the award of consequential damages.

Upon the condemnor's showing of "good cause", the Supreme Court properly permitted it to file a supplemental appraisal (see, 22 NYCRR 202.61 [a] [3]; 51 NY Jur 2d, Eminent Domain, § 398).

The claimant asserts that the Supreme Court erred in declining to award it additional costs and disbursements under EDPL 701. Under the circumstances of this case, this argument is without merit (see, Matter of City of New York [Long Is. Sound Realty Co.], 160 AD2d 696; cf., Long Is. Pine Barrens Water Corp. v State of New York, 144 Misc 2d 665, 669).

We have reviewed the claimant's remaining contentions, including its assertion that it is entitled to interest in excess

of 6% per annum, and find them to be without merit *(see,* General Municipal Law § 3-a [2]; *Adventurers Whitestone Corp. v City of New York,* 65 NY2d 83, 87; *see also, Matter of County of Nassau [Eveandra Enters.],* 42 NY2d 849, 850).

We further note that letters improperly submitted to this court by the parties after oral argument have not been considered on this appeal *(see,* 22 NYCRR 670.19 [i]). Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.