■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v NEPTUNE ASSOCIATES, Appellant.—In a condemnation proceeding, the claimant appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Leone, J.), dated November 21, 1990,

which, after a nonjury trial, is in favor of the claimant in the principal sum of $485,000.

Ordered that the judgment is affirmed, with costs.

In 1987, the respondent appropriated the subject property, a 107,223 square-foot parcel of primarily vacant land located on Neptune Avenue in Brooklyn. At a trial on the issue of damages, the claimant's appraiser valued the property based on the highest and best use as a regional shopping center. Using the "land residual technique", which capitalized the projected income from the proposed use, the claimant's appraiser reached a value of $5,650,000. Subsequent to the trial, the claimant apparently submitted a memorandum proposing an adjusted value of $3,803,982, based upon errors in the original appraisal.

The respondent's appraiser proposed a highest and best use of industrial, heavy commercial, local retail, and governmental uses. Using the direct sales comparison method, the respondent's appraiser valued the property at $860,000. This figure was based upon the sales of four comparable properties, which were adjusted, *inter alia,* for time, location, zoning, and condition. The trial court accepted that valuation testimony and, after crediting the respondent with an "advance payment" of $375,000, awarded the claimant the principal sum of $485,000.

We find that the trial court properly rejected the highest and best use proposed by the claimant. The determination of highest and best use must be based upon evidence of a use which could or would be made of the property in the near future *(see, Matter of City of New York [Broadway Cary Corp.],* 34 NY2d 535, 536; *Matter of City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, 148-149). The regional shopping center proposed by the claimant was purely hypothetical, and based solely upon physical possibility, rather than economic feasibility. The trial court was correct in concluding that such evidence was insufficient to support a finding of highest and best use *(see, Matter of City of New York [Broadway Cary Corp.], supra).*

In addition, the trial court properly rejected the method of valuation used by the claimant's appraiser. It is improper to value property based on the capitalization of a nonexistent stream of income when the direct sales comparison method is available *(see, Matter of City of New York [Atlantic Improvement Corp.],* 28 NY2d 465, 470-471; *Arlen of Nanuet v State of New York,* 26 NY2d 346, 352-353; *Matter of City of New York*

*[Chestnut Props. Co.]*, 39 AD2d 573, *affd* 34 NY2d 800). The trial court did not improvidently exercise its discretion in accepting the comparables offered by the respondent's appraiser *(see, Levin v State of New York,* 13 NY2d 87, 92; *Matter of Phelps Dodge Indus. v Kondzielaski,* 131 AD2d 675, 678; *Chase Manhattan Bank v State of New York,* 103 AD2d 211, 222). We therefore find no basis for disturbing the trial court's findings as to the value of the subject property. Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.