■ YAPHANK DEVELOPMENT COMPANY, INC., Appellant-Respondent, v COUNTY OF SUFFOLK, Respondent-Appellant. [609 NYS2d 346] —In an eminent domain proceeding, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered April 6, 1992, as, after a nonjury trial, awarded it the principal sum of only $23,800 in damages, and the defendant cross-appeals from so much of the same order as awarded the plaintiff "all necessary costs, disbursements and expenses including reasonable attorneys' fees incurred by the plaintiff".

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The property which is the subject of this proceeding consists of a parcel of land 30.5 by 1,440 feet along the westerly border of Smithtown Avenue in Islip. The parcel is located in an area zoned "Industrial" and was part of a much larger tract of industrial land owned by the plaintiff. Due to a proposed widening of Smithtown Avenue, the tract of land was subdivided into several industrial building plots, excluding the parcel.

Various deeds relating to the plaintiff's property indicated that the parcel was "to be deeded" or "dedicated" to the Town of Islip for road-widening purposes. The widening project was subsequently taken over by the County of Suffolk, which widened Smithtown Avenue and paved the parcel without a notice of condemnation or an offer of compensation to the plaintiff.

The defendant's expert appraiser testified that, based on language in the deeds, the parcel's highest and best use was for a road bed and therefore had only a nominal value of $1. The plaintiff's expert appraiser testified that the highest and best use of the parcel was for industrial use and, using the "direct sales comparison approach", determined that the value of the parcel was $238,000.

We find the appraisals of both parties defective in theory. The determination of highest and best use must be based upon evidence of a use which reasonably could or would be made of the property in the near future (see, Matter of City of New York [Broadway Cary Corp.], 34 NY2d 535, 536; Matter of Consolidated Edison Co. v Neptune Assocs., 190 AD2d 669, 670; Zappavigna v State of New York, 186 AD2d 557, 561).

Contrary to the plaintiff's contention, an examination of the language in the deeds and the other record evidence indicates that the subject parcel neither could nor would be used for industrial purposes in the near future. Due to zoning requirements, an industrial building could not be constructed upon the parcel. Although the parcel could be of value to the adjacent property owners to the extent that they would acquire an additional 30.5 feet of front yard depth to permit extra landscaping treatment, parking and other amenities, the record is devoid of any evidence to indicate that there was a reasonable probability that the property would or could be used for "assemblage", i.e., combination with the adjacent lot

to form a single large lot, in the near future. In addition, the plaintiff's appraisal was erroneously based on comparisons with other properties which did not have a similar cloud of condemnation upon title.

The defendant's theory of valuation erroneously treated the proposed road widening as imminent. The language "to be deeded" and "intended to be dedicated" was imprecise as to whether the parcel would in fact be dedicated and, if so, when and by whom. In addition, there was testimony establishing that similar parcels of land condemned for the purpose of widening Smithtown Avenue had a value in excess of $1.

Since the appraisals of both parties were defective, there should be a new trial to determine the proper theory of valuation. " 'A condemnation proceeding is not a private litigation. There is a constitutional mandate upon the court to give just and fair compensation for any property taken. This means "just" to the claimant and "just" to the people who are required to pay for it. The rule is abundantly clear that property must be appraised at its highest and best use and paid for accordingly. Where we find it is not * * * we must remit for retrial upon the proper theory' " (*Micali Cadillac-Oldsmobile v State of New York*, 104 AD2d 477, 481, quoting from *Matter of County of Nassau*, 43 AD2d 45, 48). We further find that the court's independently-derived value of the parcel of 10% of the plaintiff's requested damages was unsupported by the record and not adequately explained by the court (*see, Matter of City of New York [Reiss]*, 55 NY2d 885, *affd after remittitur* 58 NY2d 817; *Matter of Town of Oyster Bay [Pre-Schooler's Workshop Corp.]*, 174 AD2d 676, 677; *Matter of Town of Riverhead v Saffals Assocs.*, 145 AD2d 423). Accordingly, we remit this case for the taking of testimony and a new determination of an appropriate theory of valuation upon which the court may derive a value of the parcel taken by the County for the purpose of widening Smithtown Avenue.

We note that the court properly awarded the plaintiff attorneys' fees, costs, and disbursements pursuant to EDPL 702 (c).

In light of our determination, we need not reach the parties' remaining contentions. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.