■ GOLD-MARK 35 ASSOCIATES, Respondent, v STATE OF NEW YORK, Appellant. [620 NYS2d 110] —In a condemnation proceeding, the defendant appeals from a judgment of the Court of Claims (Benza, J.), dated September 16, 1992, which is in favor of the claimant and against it in the principal sum of $1,368,435.

Ordered that the judgment is affirmed, with costs.

This condemnation proceeding arose from the partial taking of the claimant's property on September 12, 1988. The subject property is located at the intersection of Routes 35 and 100 in the Town of Somers, Westchester County. The parcel was assembled by the claimant between 1986 and 1987 and consists, in its entirety, of approximately 44.5 acres. Of this, 9.943 acres are commercially zoned for "neighborhood shopping" and 34.5 acres are zoned for residential development. There is a small one-story restaurant (of approximately 2,000 square feet) at the northeast corner of the property and a two-story one-family residence on the southeast corner. The property also contains a dilapidated shed. Otherwise, it is unimproved.

In connection with the widening of Routes 100 and 35, the defendant, the State of New York, condemned 2.835 acres of the claimant's land, 2.213 acres of which are commercially zoned and .622 acres of which are residentially zoned.

In its decision, the Court of Claims specifically declined to consider the price that the claimant had paid for the various parcels during the course of the assemblage of the property. The defendant, in its sole argument on appeal, asserts that this was improper. We observe that in making this argument, the defendant, in its brief to this Court, has expressly disavowed any reliance on the "testimony or opinion" of its own appraiser. Rather, the defendant in substance relies on the "uncontradicted facts."

At trial and in his appraisal report, the claimant's appraiser indicated that the prices that the claimant had paid for the parcels making up the property were "artificially depressed". He based this conclusion on the fact that the parties who sold the parcels to the claimant were aware that the defendant planned to widen the highways in question and were, thus, "motivated" to sell to avoid the real possibility of litigation involving the imminent condemnation. The claimant's expert also testified that, since the subject property was a combination of separate parcels and an easement, its value as an assemblage was worth more than the value of its constituent parts. The expert also concluded that, from the dates of sale to the date of appropriation, real estate values were increasing in the area of the subject property.

In a condemnation case, the measure of damages is "the fair market value of the condemned property in its highest and best use on the date of the taking" *(Matter of City of New York [Franklin Record Ctr.],* 59 NY2d 57, 61; *see also, McDonald v State of New York,* 42 NY2d 900; *Matter of Town of Oyster Bay [Pre-Schooler's Workshop Corp.],* 174 AD2d 676). Generally, the best evidence of such value is "a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" *(Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356). However, a recent sale of such subject property is not relevant to the question of value if it is established that such sale was "abnormal" and, therefore, not reflective of market value *(see, Matter of City of New York [Grimm],* 98 AD2d 166; *see also, Hardele Realty Corp. v State of New York,* 125 AD2d 543; *Vasile v State of New York,* 30 AD2d 1042; 1 Warren's Weed, New York Real Property, Condemnation, § 6.03 [1]; 51 NY Jur 2d, Eminent Domain, § 190).

As the Court of Claims observed, in the instant case the pertinent opinion of the claimant's appraiser was uncontroverted. Indeed, the defendant's appraiser himself discounted the use of the prices the claimant paid for the subject parcels

in his own determination of fair market value. Under these particular circumstances, we conclude that the claimant successfully demonstrated that the prices it paid to assemble the subject property were not relevant to the issue of value on the date of the condemnation. We, therefore, affirm the factual findings of the Court of Claims, which, we note, were within the range of the expert testimony before it *(see, Matter of City of New York [Reiss],* 55 NY2d 885, 886; *Gerosa Inc. v State of New York,* 180 AD2d 552; *cf., Matter of Town of Oyster Bay [Pre-Schooler's Workshop Corp.],* 174 AD2d 676, *supra).* Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.