■ In the Matter of CITY OF LONG BEACH, Appellant, v SUN NLF LIMITED PARTNERSHIP, Respondent, et al., Respondents. [1 NYS3d 246]—

In a condemnation proceeding, the condemnor, City of Long Beach, appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), dated November 5, 2012, which, upon a decision of the same court dated October 3, 2012, made after a nonjury trial, is in favor of the claimant and against it in the principal sum of $11,800,000.

Ordered that the judgment is affirmed, with costs.

The claimant, Sun NLF Limited Partnership, owned three noncontiguous, undeveloped parcels of real property in the City of Long Beach (hereinafter the City), identified as parcels 1, 11, and 13. The City commenced condemnation proceedings with respect to the claimant's properties and other properties constituting the Long Beach "Superblock." The petition was granted, and title vested in the City in April 2006. The claimant filed a claim seeking just compensation for the taking. After a nonjury trial, the Supreme Court adopted the claimant's appraisal for parcel 1, and determined that the highest and best use of parcels 11 and 13 was as assembled with parcel 12, which was a narrow parcel of land located in between them, for multifamily development. The Supreme Court determined that the sum of $11.8 million constituted just compensation for parcels 1, 11, and 13. Judgment was entered in favor of the claimant and against the City in that principal sum. The City appeals.

The measure of damages in a condemnation proceeding " 'must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time' " (*Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 514 [2009], quoting *Chemical Corp. v Town of E. Hampton*, 298

AD2d 419, 420 [2002]). "The determination of highest and best use must be based upon evidence of a use which reasonably could or would be made of the property in the near future" (*Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 281 [1994]; *see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536 [1974]; *Matter of Consolidated Edison Co. of N.Y. v Neptune Assoc.*, 190 AD2d 669 [1993]). " 'The fact that the most profitable use of a parcel can be made only in combination with other lands does not necessarily exclude that use from consideration if the possibility of combination is reasonably sufficient to affect market value' " (*Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [2011], quoting *Olson v United States*, 292 US 246, 256 [1934]). "Thus, a claimant is entitled to the fair market value of its property for its highest and best available use even though that use is in connection with adjoining properties, provided there is a reasonable probability that the condemned property would be combined with other tracts in the reasonably near future" (*Matter of Metropolitan Transp. Auth.*, 86 AD3d at 320).

Contrary to the City's contention, the Supreme Court properly determined that the highest and best use of parcels 11 and 13 was as assembled with parcel 12 for multifamily development. The claimant's experts testified that the immediate area was predominately multifamily, multistoried dwellings, and that it was not practical to construct single- or two-family homes on parcels 11 or 13, which were located along the City's boardwalk. The City's appraiser conceded that there was no use for parcel 12 other than in an assemblage with the adjoining lots and appraised that parcel with a highest and best use in such an assemblage. While the property owners did not privately assemble the properties in the years preceding the condemnation, that fact does not undercut the probability of assemblage since a building moratorium was in effect for numerous years in anticipation of the condemnation (*see Specialty Foods Corp. v State of New York*, 46 AD2d 989 [1974]; *Westvale Acres v State of New York*, 38 AD2d 881 [1972]; *cf. Matter of John Jay Coll. of Criminal Justice of the City Univ. of N.Y.*, 74 AD3d 460, 460-461 [2010]). Accordingly, the claimant established a reasonable probability of the assemblage absent the condemnation (*see Matter of Metropolitan Transp. Auth.*, 86 AD3d at 324-325).

Since the City's appraiser did not appraise parcels 11 and 13 as assembled with parcel 12 for multifamily development, the Supreme Court properly based the award on the claimant's appraisal, with such adjustments as the evidence supported (*cf. Bienenstock v State of New York*, 287 AD2d 587 [2001]; *Matter*

*of City of New York*, 94 AD2d 724 [1983], *affd* 61 NY2d 843 [1984]; *Crosby v State of New York*, 54 AD2d 1064, 1065 [1976]). The court did not award the claimant the full value of its assemblage appraisal for parcels 11 and 13, but discounted it by 17.8%. There was no evidence in the record that a higher discount should have been applied (*see Matter of Metropolitan Transp. Auth.*, 86 AD3d at 326; *Masten v State of New York*, 11 AD2d 370, 372-373 [1960], *affd* 9 NY2d 796 [1961]). Moreover, since condemned properties must be valued as of the date of the taking, the subsequent drop in real estate values cannot properly affect the award (*see Arlen of Nanuet v State of New York*, 26 NY2d 346, 354-355 [1970]).

Finally, the Supreme Court properly adopted the claimant's appraisal of parcel 1. The claimant's appraiser sufficiently and credibly explained the basis for his selection of comparable properties and relevant adjustments made to the valuation of those properties (*see Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d 955, 957 [2014]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.