Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC (2020 NY Slip Op 05512)





Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC


2020 NY Slip Op 05512


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-03930
 (Index No. 11488/03)

[*1]In the Matter of Town of Oyster Bay, appellant-respondent,
v
55 Motor Avenue Company, LLC, et al., respondents- appellants.


MargolinBesunder LLP, Islandia, NY (Linda U. Margolin, Harvey B. Besunder, and Zachary D. Dubey of counsel), for appellant-respondent.
Certilman Balin Adler & Hyman LLP, East Meadow, NY (M. Allan Hyman and Kramer Levin Naftalis & Frankel LLP [James G. Greilsheimer], of counsel), for respondents-appellants.



DECISION & ORDER
In a condemnation proceeding, the petitioner appeals, and the claimants cross-appeal, from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 5, 2019. The judgment, insofar as appealed from, awarded the claimants the principal sum of $9,732,498 as just compensation for the taking of the subject property. The judgment, insofar as cross-appealed from, awarded the claimants the principal sum of only $9,732,498 as just compensation for the taking of the subject property.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the claimants the principal sum of $9,732,498 as just compensation for the taking of the subject property, and substituting therefor a provision awarding the claimants the principal sum of $4,295,634 as just compensation for the taking of the subject property; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of interest on the award, and thereafter for the entry of an appropriate amended judgment.
On September 5, 2003 (hereinafter the vesting date), the Town of Oyster Bay condemned a 14.03-acre parcel of land located at 55 Motor Avenue in Farmingdale (hereinafter parcel 1) in order to expand an abutting public park. At that time, the claimants owned parcel 1, along with two other contiguous parcels to its east: an approximately 7.51-acre parcel to the east of parcel 1 (hereinafter parcel 2), and an approximately 8.7-acre parcel to the east of parcel 2 (hereinafter parcel 3). The three parcels together (hereinafter the subject property) comprised approximately 30.49 acres. On the vesting date, the subject property was zoned LI-light industrial.
The subject property had been designated in 1986 a federal "superfund" site due to environmental contamination of the soil and ground water. In 2002, the United States Environmental Protection Agency issued a Record of Decision mandating a remediation of the subject property. As of the vesting date, there was a ground water remediation building situated on [*2]parcel 1. The parties agree that the water treatment facility and surrounding "buffer" area occupy 0.5 acres of parcel 1. Also as of the vesting date, soil remediation work was ongoing at the property, which was expected to continue for approximately four years after the vesting date.
In August 2006, the claimants filed a claim for just compensation, seeking, inter alia, direct damages for the loss of parcel 1. At a nonjury trial on the issue of compensation, the claimants' expert appraiser opined that the "highest and best use" of the property was for a large-scale retail development. Based on that proposed use and a comparison to other properties sold for retail development, the claimants' expert opined that the direct damages to parcel 1, based on its fair market value, amounted to the sum of $19,450,000. By contrast, the Town's expert appraiser opined that the highest and best use of parcels 1 and 2 was for light industrial development. That expert opined, inter alia, that the fair market value of parcel 1 for light industrial use was $3,270,000.
The Supreme Court accepted the claimants' valuation of the subject property for retail use. In a judgment dated June 30, 2016, the court awarded damages to the claimants in the principal sum of $20,700,000, including direct damages for the loss of parcel 1 in the sum of $19,450,000.
On a prior appeal by the Town, this Court determined that the Supreme Court erred in determining that the highest and best use of parcel 1 on the date of the taking was retail use (see Matter of Town of Oyster Bay [55 Motor Ave. Co., LLC], 156 AD3d 704, 707). Consequently, this Court reversed the judgment and remitted the matter to the Supreme Court, Nassau County, to determine, inter alia, "based upon the evidence offered by the Town, the fair market value of parcel 1 with a highest and best use of light industrial development, considering such adjustments as the evidence will support" (id. at 709).
Upon remittal, the parties submitted proposed findings of fact and conclusions of law. The Supreme Court adopted the claimants' conclusion that the value of parcel 1 was $9,732,498, which was premised on certain comparable sales relied upon by the claimants' expert to value the subject property for retail use. Thereupon, the court rendered a judgment entered March 5, 2019, awarding the claimants the principal sum of $9,732,498 as just compensation for the taking of parcel 1.
"In condemnation cases, the authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court" (Matter of Mazur Bros., Inc. v State of New York, 97 AD3d 826, 828), and this Court "'may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (id. at 828, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884).
Here, the Supreme Court failed to adhere to the terms of this Court's remittal by relying on the claimants' evidence of comparable sales of properties for retail use. As this Court determined on the prior appeal, the Supreme Court was required, upon remittal, to determine the fair market value of parcel 1 based upon evidence offered by the Town as to the highest and best use of light industrial development, considering such adjustments as the evidence will support (see Matter of Town of Oyster Bay [55 Motor Ave. Co., LLC], 156 AD3d at 709). Thus, the court's valuation, upon remittal, should have been premised upon the conclusions of the Town's expert appraiser as to the highest and best use of light industrial development. Since the record before this Court is sufficient to conduct an independent review of the evidence and make our own findings as to the value of parcel 1, we need not remit the matter to the Supreme Court to do so (see Czernicki v Lawniczak, 74 AD3d 1121, 1125).
Where, as here, there was a partial taking of land, courts generally apply a "before and after" rule, which measures damages as the difference between the fair market value of the whole property before the taking, and the fair market value of the remainder of the property after the taking (see Acme Theatres v State of New York, 26 NY2d 385, 388; Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc., 130 AD3d 823, 825). Here, the Town's expert opined that, considering parcels 1 and 2 together as the "before" property, parcel 1 had an unadjusted value of $360,000 per [*3]acre at the time of the taking. The damages award should be based on that valuation, with adjustments as warranted based on the evidence (see Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d 1087, 1089; Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d 654, 655).
The "valuation of property 'as if remediated' [from environmental contamination] is not exactly equivalent to valuation of 'clean' property" (Matter of City of New York v Mobil Oil Corp., 12 AD3d 77, 84), as "'even after remediation stigma may persist, depressing value below fair market value'" (City of New York v Mobil Oil Corp., 12 AD3d 77, 84, quoting 7A Nichols, Eminent Domain § G13B.04[1]; see 7A Nichols, Eminent Domain § G9A.07; Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon, 88 NY2d 724, 732). Here, although there is a lengthy history of environmental contamination and remediation at the subject property, the Town failed to substantiate that a deduction in value for environmental stigma was warranted. The Town's expert appraiser submitted no specific evidence as to any diminution in value of similar properties resulting from environmental stigma. Under these circumstances, a deduction for "stigma" is not warranted (see Fusco v State Farm Fire & Cas. Co., 57 AD3d 939, 940-941; cf. Matter of City of New York v Mobil Oil Corp., 12 AD3d at 84).
We find that the Town's appraiser reasonably applied a present-value discount rate of 6% to account for the approximately four-year period from the date of taking required for soil remediation work (see Akey v State of New York, 108 AD2d 963, 964-965; see also Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d at 655-656). However, we find that the award should be adjusted to account for appreciation of the property, in the sum of 2.5%, during the period of remediation (see Akey v State of New York, 108 AD2d at 964-965; see also Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d at 655-656).
Contrary to the claimants' contention, a deduction from the value of parcel 1 must be made to account for the presence on that parcel of a water treatment plant, which occupies approximately one-half acre of the site. That area cannot be deemed de minimis, and the claimants did not establish that the presence of the water treatment plant does not restrict the development options for the remainder of parcel 1. Thus, the fair market value of the property should be reduced to account for the presence of the water treatment plant (see Matter of Oakwood Beach Bluebelt, Stage 1 [City of New York—Yeshivas Ch'San Sofer, Inc.], 164 AD3d 1453, 1458).
Based on the value of $360,000 per acre supplied by the Town's expert appraiser, with adjustments for the 0.5-acre area occupied by the water treatment plant, a 6% present-value discount, and appreciation of 2.5% during the remediation period, we find that the claimants are entitled to damages in the principal sum of $4,295,634 as just compensation for the taking of parcel 1 (see Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d at 1089; Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d at 655).
Accordingly, we reduce the award to the claimants from the principal sum of $9,732,498 to the principal sum of $4,295,634, and remit the matter to the Supreme Court, Nassau County, for a recalculation of interest, and thereafter for the entry of an appropriate amended judgment.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court