Matter of Flushing Main St. Improvements Project
2026 NY Slip Op 02650
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Flushing Main Street Improvements Project. Metropolitan Transportation Authority, appellant; Aron Forem, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2021-05838, (Index No. 910/15)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Deborah A. Dowling
Elena Goldberg Velazquez, JJ.

Applebaum Katz Brodsky, PLLC, New York, NY (Kenneth J. Applebaum and Adam H. Brodsky of counsel), for appellant.
Herbert Smith Freehills Kramer (US) LLP, New York, NY (James G. Greilsheimer of counsel), for respondent.

[*1]
DECISION & ORDER
In a condemnation proceeding, the condemnor, Metropolitan Transportation Authority, appeals from a judgment of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 21, 2021. The judgment, upon a decision of the same court dated April 30, 2021, made after a nonjury trial, awarded the claimant the sum of $15,508,705 as just compensation for the taking of the subject property and $12,286.65 in costs and disbursements.
ORDERED that the judgment is affirmed, with costs.
On June 12, 2015, as a result of required elevator renovations to the Long Island Rail Road's Flushing Main Street Station, the condemnor, Metropolitan Transportation Authority (hereinafter the MTA), took title to the subject property located in Queens in fee simple. The subject property contained a one-story retail building with a cellar, built in 1931. After the condemnation, the claimant filed a notice of claim demanding just compensation for the property. At a nonjury trial on the issue of compensation, the claimant's appraiser presented evidence that the highest and best use of the subject property was one story retail with development potential. Based upon that assessment, the claimant's appraiser, employing an income capitalization approach to value and relying heavily on a sale of a property (hereinafter lot 56) immediately adjacent to the subject property, determined that the capitalization rate for the subject property was 2.5%. Based upon this capitalization rate, the claimant's appraiser opined that the value of the subject property was $15,430,000.
In contrast, the MTA presented evidence that the highest and best use for the subject property was the development of a multi-story commercial building constructed to the greatest density permissible under the current zoning regulations. Employing the income capitalization approach, the MTA relied on a PricewaterhouseCoopers National Strip Shopping Center Market Report as well as a local market transaction survey of properties in Queens to determine that the subject property's capitalization rate was 6.5%. Ultimately, the MTA's appraiser valued the subject property at $5,100,000.
The Supreme Court accepted the claimant's appraisal and rejected the MTA's appraisal, determining that the claimant was entitled to compensation in the amount of $15,430,000. A judgment entered June 21, 2021, upon a decision dated April 30, 2021, made after the nonjury trial, awarded the claimant the sum of $15,508,705 as just compensation for the taking of the subject property and $12,286.65 in costs and disbursements. The MTA appeals, and we affirm.
"An owner whose property has been taken in condemnation is entitled to just compensation" (Matter of New Cr. Bluebelt, Phase 4 [Galarza-City of New York], 205 AD3d 808, 810; see U.S. Const, 5th Amend; N.Y. Const, art I, § 7[a]; Eminent Domain Procedure Law § 101). "Just compensation for property taken in condemnation is determined by the property's market value at the time of the taking, that is, the price a willing buyer would have paid a willing seller for the property" (J. Nazzaro Partnership, L.P. v State of New York, 205 AD3d 690, 692 [internal quotation marks omitted]; see Matter of Town of Islip [Mascioli], 49 NY2d 354, 360). "The property must be valued based on its highest and best use on the effective date of the taking, irrespective of whether it is being put to that use" (J. Nazzaro Partnership, L.P. v State of New York, 205 AD3d at 692; see Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d 994, 995-996).
"In determining an award to an owner of condemned property, the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" (Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC, 74 AD3d 804, 805-806, quoting Matter of City of New York [Reiss], 55 NY2d 885, 886; see Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 139 AD3d 863, 865). "In condemnation cases, the authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court" (Matter of Chynn v County of Suffolk, 204 AD3d 905, 908; see Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 187 AD3d 760, 761). "This court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (Matter of City of New York [Eman Realty Corp.], 197 AD3d 705, 707 [internal quotation marks omitted]). However, "[w]here the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal" (20 Rewe St., Ltd. v State of New York, 208 AD3d 1140, 1142 [internal quotation marks omitted]; see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d 787, 791).
Here, the Supreme Court found that the claimant was entitled an amount of compensation which was within the range of the expert testimony and was supported by the evidence presented at trial. "The best evidence of value . . . is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; see Matter of Colonie Ctr. v Town of Colonie, 209 AD3d 1214, 1216). Although there was not a recent sale of the subject property, there was a sale of a property directly adjacent, which shared significant characteristics with the subject property. Accordingly, while the sale of that property, lot 56, occurred four months after the date of the taking, given the similarities it shared with the subject property, the claimant's appraiser properly considered its sale in determining the capitalization rate for the subject property.
The properties that the MTA analyzed in determining the capitalization rate, however, were not sufficiently comparable to the subject property. The MTA's stated reliance on national trends, rather than local trends, rendered its capitalization rate unreliable (see Matter of Colonie Ctr. v Town of Colonie, 209 AD3d at 1220). The MTA also improperly categorized the subject property as a strip shopping center and analyzed properties that were not located in the same area and did not share the characteristics of the subject property.
In its decision after trial, the Supreme Court thoroughly explained its findings (see Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d at 995-996). Because the court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal (see 20 Rewe St., Ltd. v State of New York, 208 AD3d at 1142; Elpa Bldrs, Inc. v State of New York, 196 AD3d 541, 543).
The MTA's remaining contentions are without merit.
Accordingly, we affirm the judgment.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court