■ In the Matter of HAROLD MANGOLD et al., Respondents, v C.

BRADLEY LYNCH et al., Constituting the Zoning Board of Appeals of the Town of Hyde Park, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Zoning Board of Appeals of the Town of Hyde Park as granted the application of appellant Harold Miller for a variance to erect a freestanding sign, the appeals are from a judgment of the Supreme Court, Dutchess County, dated June 27, 1977, which, *inter alia,* declared the variance to be null and void and voided a permit for the sign. Judgment affirmed, without costs or disbursements. Appellant McDonald's Corporation is the lessee of a parcel in a shopping center owned by appellant Miller. Applications for permission to erect a roof-top sign on McDonald's building and to erect a freestanding sign, in addition to the existing freestanding directory sign which is permitted by the ordinance, were granted by the appellant zoning board of appeals on the ground that McDonald's (the well-known fast-food restaurant) "relies heavily upon being able to attract the transient consumer", making visible identification from the highway necessary. The board mistakenly stated that McDonald's building had been set back 116 feet from the highway "at the request of the Planning Board" and further noted its distance from the existing directory sign. The petitioners brought this proceeding to review the determination solely with respect to the freestanding sign; Special Term annulled that portion of the determination. No issue is raised with respect to the roof-top sign. The judgment must be affirmed since the determination is not supported by substantial evidence. Whether viewed as an application for a use variance or an area variance, the applicant failed to meet his burden. The finding that McDonald's has a greater reliance on transient customers than do the adjacent businesses is conclusory. Further, no evidence was adduced with respect to the extent to which McDonald's business would suffer, if at all, if the application were not granted. McDonald's and Miller made no attempt to prove that the restaurant "will not yield a reasonable return if the area standard restrictions are imposed" (see *Matter of National Merritt v Weist,* 41 NY2d 438, 442; *Matter of Cowan v Kern,* 41 NY2d 591, 597). Latham, J. P., Damiani, Rabin and Cohalan, JJ., concur.