*229 OPINION OF THE COURT
Per Curiam.
The Appellate Division, in appeals taken by contesting candidates, Lee L. Holzman, Hansel McGee and Lorraine Backal, and an objector, Jeffrey R. Korman, has declared Election Law § 6-136 (2) (b) unconstitutional, concluding that by requiring candidates for the same elective office in counties of substantially equivalent population to collect different numbers of signatures, the statute denied equal protection.
Holzman, Backal and McGee, all filed designating petitions for nomination as the Democratic candidate for the office of Surrogate of Bronx County in the September 15, 1987 Democratic primary election, the office having become vacant on July 2, 1987, by virtue of the removal of the sitting Surrogate. Cross challenges to the petitions were filed with the Board of Elections by the candidates and Korman. The Board invalidated the McGee petition because it contained fewer than the requisite 5,000 valid signatures of registered Democratic voters residing in Bronx County, and validated the Holzman and Backal petitions. Following these determinations, petitions and cross petitions to validate and invalidate the designating petitions on various grounds were filed in Supreme Court. McGee and Backal raised, among other things, a constitutional challenge to the 5,000-signature requirement of Election Law § 6-136 (2) (b),* as being unduly burdensome in light of the shortened time period for collecting signatures following the recent removal of the sitting Surrogate, and thus unconsti *230 tutionally impeding access to the ballot. They argued that instead of the normal 37 days provided by the election calendar for the September primary (see, Election Law § 6-134 [6]; § 6-158 [1]), they were impermissibly afforded only 15 days.
Supreme Court rejected this constitutional argument. That court, as is relevant here, invalidated the Backal designating petition, finding that it contained fewer than the 5,000 valid signatures required under Election Law § 6-136 (2) (b). In a separate order, the court dismissed McGee’s petition to validate his designating petition, concluding that he had not secured the requisite number of valid signatures.
The only constitutional issue presented by either Backal or McGee before Supreme Court, or in related Federal court proceedings, and in respect to which notice was given to the Attorney-General (see, Executive Law § 71; CPLR 1012), was the contention that the 5,000-signature requirement, under the circumstances, unconstitutionally interfered with access to the ballot. Nonetheless, at the Appellate Division, Backal and McGee advanced an alternative constitutional argument. They maintained that the requirement of Election Law § 6-136 (2) (b) that a candidate for countywide office within the City of New York submit 5,000 signatures, while requiring a candidate for the identical office in a county of comparable population outside the City of New York to submit only 2,000 signatures, violates principles of equal protection and the one-person-one-vote rule (see, Gray v Sanders, 372 US 368, 381).
In separate orders, the Appellate Division declared Election Law § 6-136 (2) (b) invalid, reversed, on the law, the judgments of Supreme Court, and directed that the names of Backal and McGee be placed on the ballot for the September 15 Democratic primary election. The Appellate Division rejected the contention of Backal and McGee that the signature requirement unconstitutionally burdened them because of the shortened time period, and predicated its determination solely upon the equal protection issue raised for the first time in that court. The court took judicial notice of the fact that there are counties outside the City of New York which have populations exceeding that of Bronx County, where candidates for the office of Surrogate need file only 2,000 signatures, and found the challenged provision facially invalid in that it provides for geographically based disparate treatment of candidates for the same office in counties of substantially equivalent population. We now reverse.
*231 Enactments of the Legislature — a coequal branch of government — may not casually be set aside by the judiciary. The applicable legal principles for finding invalidity are firmly embedded in the law: statutes are presumed constitutional; while the presumption is rebuttable, invalidity must be demonstrated beyond a reasonable doubt (Wiggins v Town of Somers, 4 NY2d 215, 218-219). Where a statute is challenged as irrational or arbitrary, a court may even hypothesize the motivations of the State Legislature to discern any conceivable legitimate objective promoted by the provision under attack (Maresca v Cuomo, 64 NY2d 242, 251). The drastic step of striking a statute as unconstitutional is to be taken only as a last resort (Wiggins v Town of Somers, 4 NY2d 215, supra).
A determination of invalidity — with ramifications beyond the parties and their immediate dispute — necessarily must be founded upon an adequate record, the parties having properly raised their contentions and presented their proof in the lower courts. Also important to the procedure for challenging the constitutionality of a State statute is notification to the Attorney-General (see, Executive Law § 71; CPLR 1012). This opportunity for participation by the State’s chief legal officer insures that all of the people of the State may be represented when the constitutionality of their laws is put in issue. Notice to the Attorney-General serves the additional function of ensuring the development of an adequate record upon which the court may base its determination.
Here, the equal protection ground upon which Backal and McGee ultimately prevailed was first advanced at the Appellate Division. Despite conflicting and qualified representations made before us on oral argument, the record reveals no earlier reference to this ground. To the contrary, it indicates that Backal and McGee were pressing an entirely different constitutional challenge — that the abbreviated period for collecting signatures denied them equal access to the ballot — and so advised the Attorney-General. There is no evidence that any notice was provided to the Attorney-General that the differing signature requirements based upon geographic location were being challenged as unconstitutional. Thus, the mechanism designed to afford a necessary opportunity to examine fully particular challenges to the constitutionality of statutes was not set in motion and not satisfied. As was demonstrated in this case, such failure not only ignores fundamental principles of separation of powers, but also adversely *232 affects the judicial review process which requires a full presentation and record upon which constitutional determinations must be based.
We conclude, for the reasons stated by the lower courts, that respondents’ challenge based on the shortened signature period, advanced by them in support of affirmance, is without merit.
The orders of the Appellate Division should be reversed, and the judgments of Supreme Court reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
In Matter of McGee v Korman: Order reversed, without costs, and judgment of Supreme Court, Bronx County, dismissing the petition to validate the McGee designating petition reinstated.
In Matter of Korman v Sachs: Order reversed, without costs, and judgment of Supreme Court, Bronx County, granting the petition to invalidate the Backal designating petition reinstated.

 Election Law § 6-136 (2) (b) provides, in pertinent part:
"2. All other petitions must be signed by not less than five per centum, as determined by the preceding enrollment, of the then enrolled voters of the party residing within the political unit in which the office or position is to be voted for, provided, however, that for the following public offices the number of signatures need not exceed the following limits * * *
"(b) For any office to be filled by all the voters of any county or borough within the city of New York, five thousand signatures”.
Paragraph (d) of the same section provides: "(d) For any office to be filled by all the voters of cities or counties, except the city of New York and counties therein, containing more than two hundred fifty thousand inhabitants according to the last preceding federal enumeration, two thousand signatures”.