THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PATRICK SCALZA, Appellant.

Second Department, December 4, 1989

**APPEARANCES OF COUNSEL**

*Steven R. Bernhard* for appellant.

*Denis Dillon, District Attorney (Bruce E. Whitney* and *Kathleen M. Cruise* of counsel), for respondent.

OPINION OF THE COURT

KOOPER, J.

The principal issue on this appeal is whether CPL 255.20 (4), which authorizes references to Judicial Hearing Officers in pretrial criminal matters, constitutes an impermissible delegation of the County Court's jurisdiction to unelected, nonjudicial State employees in violation of the New York State Constitution *(see,* NY Const, art VI, §§ 10, 11). For the following reasons, we reject the defendant's constitutional challenge and, accordingly, affirm the judgment appealed from.

I.

Insofar as pertinent, the record reveals that the defendant was arrested after the police discovered a quantity of weapons, including 14 rifles and 4 handguns in the defendant's residence and automobile. The defendant was subsequently charged, *inter alia,* with six counts of criminal possession of a weapon in the third degree. By order dated May 22, 1987, the County Court, Nassau County, directed that a hearing be conducted with regard to those branches of the defendant's motion which were to suppress physical evidence and his statements to law enforcement authorities. Pursuant to CPL 255.20 (4), the County Court thereafter assigned the pretrial hearing to a Judicial Hearing Officer to hear and report. In rendering his report, the Judicial Hearing Officer found no impropriety was committed by the police in securing the weapons and obtaining the defendant's oral statements.

By order dated November 23, 1987, the County Court adopted the findings of fact and conclusions of law made by the Judicial Hearing Officer. After a jury trial, the defendant was convicted of six counts of criminal possession of a weapon in the third degree and sentenced to six concurrent terms of one year imprisonment. On appeal, the defendant contends, *inter alia,* that on its face and as applied to him, CPL 255.20 (4) is unconstitutional insofar as it allegedly authorizes the transfer of the County Court's powers from constitutionally elected Judges to nonjudicial, unelected employees of the

Unified Court System *(see,* NY Const, art VI, §§ 10, 11).[1] We find the defendant's contentions to be unpersuasive.

## II.

Given impetus by large case backlogs and increasing calendar congestion, the enactment of CPL 255.20 (4) had its genesis in the creation of the "Committee to Utilize the Services of Retired Judges". A principal objective underlying the creation of the committee was to ascertain whether retired Judges could be employed in easing the caseload crises facing the judicial system *(see, Schanback v Schanback,* 130 AD2d 332, 337-338). The committee, entrusted with the task of determining how best to utilize the experience of the State's retired Judges, concluded that the retired Judges could, in fact, make "a significant contribution toward alleviating some of the backlog and delay" *(see,* Report of Comm to Utilize the Services of Retired Judges, reprinted in 5th Ann Report of Chief Administrator of Courts, at 110 [1983] [hereinafter cited as 5th Ann Report]). In its report, the committee observed that there had occurred a "significant increase in criminal proceedings caused by an increased crime rate and a subsequent increase in arrests and trials", producing "acute pressure on the criminal justice system" (5th Ann Report, at 113). The committee anticipated that employing retired Judges as Judicial Hearing Officers would, "provide invaluable assistance to the expedition of criminal cases by freeing sitting judges from the time-consuming pre-trial processes and permitting them to devote their energy to the actual trials themselves" (5th Ann Report, at 113). In 1983, the Legislature adopted the committee's recommendations and, *inter alia,* enacted CPL 255.20 (4) (L 1983, ch 840). CPL 255.20 (4) empowers the court to assign pretrial matters in criminal cases to Judicial Hearing Officers, who shall entertain the matter "in the same manner as a court", and thereafter file a report "setting forth findings of fact and conclusions of law"[2]

---

1. Section 10 (a) of article VI of the NY Constitution provides for the continuation of the County Court in each county outside New York City and further mandates that County Court "[J]udges shall be residents of the county and shall be chosen by the electors of the county". Section 11 (a) of the same article states, *inter alia,* that the County Court shall have jurisdiction "over all crimes and other violations of law".

2. CPL 255.20 (4) states, in full: "Any pre-trial motion, whether made before or after expiration of the period specified in subdivision one of this section, may be referred by the court to a judicial hearing officer who shall

(see also, Judiciary Law § 850). The statute further provides that upon review of the hearing transcript, the Hearing Officer's report, and other relevant documents and submissions, the court shall render the ultimate determination with regard to the motion (see, Bellacosa, 1983 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 255.20, 1989 Pocket Part, at 177). Contrary to the defendant's contentions, we discern no constitutional infirmity in the foregoing statutory scheme.

## III.

We note initially that, "[a]n enactment of our Legislature is presumed to be valid and the heavy burden of demonstrating that a statute is unconstitutional rests with the one seeking to invalidate the statute" (see, People v Bright, 71 NY2d 376, 382; Matter of McGee v Korman, 70 NY2d 225, 231; Babigian v Wachtler, 69 NY2d 1012, 1013-1014; Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370; Cohn v Borchard Affiliations, 25 NY2d 237, 247). The invalidity of the statute must be established beyond a reasonable doubt and, "[t]he drastic step of striking a statute as unconstitutional is to be taken only as a last resort" (see, Matter of McGee v Korman, supra, at 231). The defendant has failed to discharge the heavy burden of establishing the unconstitutionality of the challenged statute.

At the outset, we reject the defendant's suggestion that an assigning court's adoption of a Judicial Hearing Officer's recommendations constitutes no more than a ministerial formality by which the court surrenders its constitutional and statutory obligation to render decisions in matters over which it possesses jurisdiction. There is nothing in the record which indicates that the County Court abandoned its statutory duty to fully and independently review the Judicial Hearing Officer's report, together with other relevant documents, prior to

entertain it in the same manner as a court. In the discharge of this responsibility, the judicial hearing officer shall have the same powers as a judge of the court making the assignment, except that the judicial hearing officer shall not determine the motion but shall file a report with the court setting forth findings of fact and conclusions of law. The rules of evidence shall be applicable at any hearing conducted hereunder by a judicial hearing officer. A transcript of any testimony taken, together with the exhibits or copies thereof, shall be filed with the report. The court shall determine the motion on the motion papers, affidavits and other documents submitted by the parties thereto, the record of the hearing before the judicial hearing officer, and the judicial hearing officer's report."

rendering its decision. Nor is there anything in the statute itself which would prompt us to subscribe to the defendant's speculative assertions in this respect. Indeed, by vesting in the referring court the authority to render the ultimate decision in any referenced matter, the framers of CPL 255.20 (4) necessarily conferred upon the court broad discretion to accept, reject or modify the Hearing Officer's recommendations (see, e.g., *People v Ortiz,* 138 Misc 2d 486; see also, Bellacosa, 1983 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 255.20, 1989 Pocket Part, at 177).

The defendant nevertheless contends that the statute is constitutionally deficient in that certain inherently judicial prerogatives are exercised exclusively by the Judicial Hearing Officer, since it is he or she who presides over the hearing rather than the Judge. He argues, for example, that the key function of assessing credibility can only be exercised by the Judicial Hearing Officer who is present at the hearing. We reject the contention that an issue of constitutional import arises merely because a Hearing Officer may be required to assess credibility or make findings of fact in matters properly before him or her. Although Judicial Hearing Officers may be empowered to make recommendations with respect to credibility and, necessarily, to perform other duties which can only be exercised by the individual actually presiding at the hearing, they possess no power to issue binding determinations with respect to pretrial criminal matters pending before them. Rather, it is the assigning Judge in whom the statute unqualifiedly vests the authority to render decisions resolving the issues litigated before a Judicial Hearing Officer *(see, Matter of Carella v Collins,* 144 AD2d 78, 82; *People v Garcia,* 132 Misc 2d 350). Significantly, the United States Supreme Court rejected a virtually identical challenge to the analogous Federal Magistrates Act (28 USC § 636), pursuant to which Federal District Courts may refer pretrial matters in criminal cases to Magistrates to hear and report *(see, United States v Raddatz,* 447 US 667). In declining to hold that statute constitutionally infirm, the Supreme Court found dispositive the fact that the referring District Court Judge "alone acts as the ultimate decisionmaker" and further, that the statute "grants the judge broad discretion to accept, reject, or modify the magistrate's proposed findings"[3] *(United States v Raddatz, supra,* at 680).

---

3. One commentator has similarly construed the court's discretion pursuant to CPL 255.20 (4) broadly, by observing that "there may be appropriate

We note that NY Constitution, article VI, § 30, confers upon the Legislature broad powers to prescribe procedural rules for the courts *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5-6; *Matter of Carella v Collins,* 144 AD2d 78, 82, *supra).* By enacting CPL 255.20 (4), the Legislature, in the exercise of that power, has determined that the use of retired Judges as Judicial Hearing Officers will contribute significantly to the pressing task of streamlining the judicial process and ultimately result in the development of a more effective court system *(see,* 5th Ann Report; mem of Off of Ct Admin, 1983 NY Legis Ann, at 362; Governor's approval mem, 1983 NY Legis Ann, at 363; *cf., Matter of Carella v Collins, supra).* We discern no constitutional impropriety in the statutory scheme by which the framers of CPL 255.20 (4) have sought to achieve the foregoing objective.

We have reviewed the defendant's remaining contentions and find them to be without merit. Accordingly, the judgment appealed from is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

SULLIVAN, J., concurs with KOOPER, J.; MANGANO, J. P., and BROWN, J., concur in the result only.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

---

and exceptional instances where the court in the proper exercise of its discretion will want to hear the parties or their counsel" (Bellacosa, 1983 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 255.20, 1989 Pocket Part, at 177; *cf., United States v Raddatz,* 447 US 667, 680-681).