OPINION OF THE COURT
Richard M. Klein, J.
The case at bar raises the procedural question whether under *75 New York’s Sex Offender Registration Act (Correction Law art 6-C [commonly and hereafter referred to as Megan’s Law]) a convicted sex offender has a discrete right, under either the Criminal Procedure Law or Megan’s Law itself, to have the sentencing court review his Board of Examiners’ risk level classification.
The defendant brings this action by order to show cause seeking to challenge the assessment made by the Division of Criminal Justice Services, Board of Examiners of Sex Offenders (hereafter referred to as Board) which classified him as a sex offender with a level “3” risk of recidivism. The Sex Offender Registration Act requires the Board to “develop guidelines and procedures to assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety” (see, Correction Law § 168 J [5]). There are three levels of risk depending upon the offender’s danger to the community: level 1 (low risk), level 2 (moderate risk), and level 3 (high risk). The offender’s risk level determines the amount of information that can be disseminated about him to the public under the Act’s notification procedures. The defendant seeks an order reducing his risk determination from a level “3” to a level “1”.
On August 8, 1995 the defendant was found guilty, after a nonjury trial, of two counts of sexual abuse in the second degree. The defendant was sentenced, on each count concurrently, to 30 days’ jail and a remainder three years’ probation. Because the defendant was on probation at the time Megan’s Law became effective in New York on January 21, 1996, he was obligated to comply with the statute’s registration requirements (see, Correction Law § 168-f). A sex offender who on the effective date of the statute is then on probation is classified at the Board through the Department of Probation (see, Correction Law § 168-g [1]). In this case the Board evaluated the defendant and designated him a level “3” risk of recidivism.
The Board in assessing defendant’s risk level used the “Sex Offender Registration Act Risk Assessment Instrument” (SORA Instrument) which was promulgated by the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-Z to make the classification. The SORA Instrument assigns numerical values to “risk factors” which are then added together. The point system is further divided up into four categories: (1) current offense(s); (2) criminal history; (3) postoffense behavior; and (4) release environment. The levels of risk posed by sex offenders are determined as follows: level 1 = 0 to 70 points; level 2 = 75 to 105 points; and level 3 = 110 to 300 *76 points. The resulting sum determines the presumption of the defendant’s risk level under the statute. The constitutionality of the registration scheme and mechanism, as well as the retroactive application of the statute, were recently affirmed in the case of Doe v Pataki (120 F3d 1263).
The defendant received a score of 120 points on the SORA Instrument and therefore warranted an assessment as a level “3” risk for recidivism.
The question presented is whether procedurally the defendant now has a right of review of his classification before this court.
The advisory power of a criminal court ends with the imposition of sentence which marks the termination of the criminal action (see, Matter of DeBellis v Property Clerk of City of N. Y., 79 NY2d 49, 56; Matter of Darvin M. v Jacobs, 69 NY2d 957, 959). The classification of a sex offender is neither an amendment to the judgment of conviction, nor a resentencing (see, People v Stevens, 91 NY2d 270; Doe v Pataki, 120 F3d 1263, 1281, supra). The risk level determinations are “a consequence of convictions for sex offenses, but are not a part of the criminal action or its final adjudication” (see, People v Stevens, supra, at 277). Accordingly, in order for this court to have criminal jurisdiction there must be some provision of either the Criminal Procedure Law or Megan’s Law itself specifically so providing. Our Court of Appeals has recently held that no interstice of criminal appellate review of Megan’s Law classifications is available, where none has been prescribed by statute (see, People v Stevens, supra). Similarly, this court finds no authority either in the Criminal Procedure Law or Megan’s Law and, accordingly, no criminal jurisdiction for review by the sentencing court of risk level classifications by the Department of Probation.
Section 168-o of Megan’s Law, which provides a sex offender with the right to petition the sentencing court for relief from the duty to register, was not, in this court’s view, intended to provide immediate review of a classification ab initio. Section 168-o mandates that upon receipt of a petition for relief from Megan’s Law registration requirements “the court shall notify the board and request an updated report pertaining to the sex offender”. (Emphasis added.) Clearly, common sense dictates that the Legislature’s inclusion of a provision requiring an updated report implies that the Legislature contemplated some passage of time before a sex offender could petition the court for relief from the requirements of Megan’s Law.
*77 In sum, there being no statutory procedural basis for review by this court of defendant’s Megan’s Law classification, the defendant’s application must be denied in its entirety.
The court notes that a very recent Federal District Court decision has found New York’s classification procedure under Megan’s Law unconstitutional for its failure to provide for direct judicial review of classifications made by probation or parole officials (see, Doe v Pataki, 3 F Supp 2d 456 [SD NY 1998]). The defendant herein has not raised any such, constitutional basis for a right of review before this court. Furthermore, the defendant’s failure to serve the Attorney-General creates a jurisdictional bar to this court considering any such constitutional argument either by the defendant or even by the court sua sponte (see, Matter of McGee v Korman, 70 NY2d 225; see also, Executive Law § 71).
Under these circumstances, the court will entertain a motion to reargue based upon constitutional grounds, with proper service upon the Attorney-General.*

 The prior order of this court staying the Megan’s Law registration requirements for this defendant pending the resolution of the instant application is now vacated.