■ LERNER PAVLICK REALTY, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [949 NYS2d 480]—

In a claim to recover damages based upon a partial taking of certain real property and the acquisition of a temporary easement to construct a highway, the claimant appeals, as limited by its brief, on the ground of inadequacy, from so much of a judgment of the Court of Claims (Ruderman, J.), dated January 13, 2010, as, after a nonjury trial, in effect, awarded it the principal sum of only $148,000 for consequential damages, and the State of New York cross-appeals, as limited by its brief, on the ground of excessiveness, from so much of the same judgment as, in effect, awarded the claimant the principal sum of $148,000 for consequential damages.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, without costs or disbursements, and the matter is remitted to the Court of Claims for a new trial to determine the value of the benefits, if any, to the remaining portion of the subject property after the taking, to offset the value of those benefits against the amount of consequential damages, and for the entry of an appropriate amended judgment thereafter.

The real property at the center of this controversy is located on the south side of New York State Route 17K (hereinafter Route 17K) in the Town of Montgomery in Orange County. Prior to a partial taking of the subject property, it consisted of two abutting tax lots comprising a total of 36.1 acres. Although the front lot, which borders on Route 17K, is improved with a large industrial building, the back lot is vacant.

In October 2002 New York State appropriated about 4.5 acres of the property and acquired a temporary easement in order to construct a highway, known as New York State Route 747 (hereinafter Route 747), to improve access to Stewart International Airport. The construction of the new highway began in September 2006, and the temporary easement was extinguished in March 2008.

In October 2005 the owner of the property (hereinafter the claimant) filed a claim in the Court of Claims to recover damages for the land that was taken in fee and the acquisition of the temporary easement.

At the outset of a nonjury trial on the issue of damages in

November 2008, the parties stipulated that the claimant was entitled to recover $230,500 in direct damages for the land that was taken in fee and $16,250 for the temporary easement. Thus, the sole issue before the Court of Claims was whether the claimant suffered any consequential or indirect damages as a result of the fee taking and the temporary easement.

Where, as here, there is a partial taking of land, courts usually apply a "before and after" rule, which measures damages as the difference between the fair market value of the whole property *before* the taking and the fair market value of the remainder of the property *after* the taking (*see McDonald v State of New York*, 42 NY2d 900 [1977]; *Acme Theatres v State of New York*, 26 NY2d 385, 388 [1970]; *Diocese of Buffalo v State of New York*, 24 NY2d 320, 323 [1969]).

Moreover, when the State takes part of a condemnee's property and leaves a remainder, just compensation includes not only the direct damages for the portion that was taken, but also any consequential or indirect damages caused by the taking that impaired the remaining portion of the property (*see Roskopf v State of New York*, 24 Misc 3d 1225[A], 2009 NY Slip Op 51618[U] [2009]). Consequential damages are measured by the difference between the before and after values, less the value of the land and improvements appropriated (*see Mil-Pine Plaza v State of New York*, 72 AD2d 460, 462 [1980]). The burden of proof is on the claimant to establish indirect damages and to furnish a basis upon which a reasonable estimate of those damages can be made (*see Niagara Mohawk Power Corp. v Olin*, 138 AD2d 940 [1988]; *Mil-Pine Plaza v State of New York*, 72 AD2d at 464).

The predominant rule in condemnation cases, however, is that " '[i]n determining an award to an owner of condemned property, the findings must either be within the range of [the] expert testimony, or be supported' by other evidence and adequately explained by the court' " (*Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 515 [2009], quoting *Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]).

Contrary to the claimant's contention, the amount of the consequential damages awarded here was adequate because it was within the range of the testimony and appraisal reports prepared by the claimant's appraiser and the State's appraiser. Moreover, the Court of Claims meticulously explained its determination of the value of the claimant's property before and after the taking based on the comparable sales approach and the income approach to value.

However, the Court of Claims failed to address the State's

claim that the construction of Route 747 enhanced the value of the remaining portion of the property. Among other benefits, the State's appraiser noted that: (1) the remaining parcels had frontage on the new highway that made them more visible and marketable; (2) the remaining parcels were located on the new highway in an area that was experiencing economic growth; (3) the new highway eliminated the need to build an expensive interior road; (4) the new curb cuts improved access to the remaining lots; (5) the new traffic signal at the intersecting highways improved safety; and (6) the gravel and dirt parking areas were paved and marked with striped lines. The State's appraiser estimated that the benefits to the remaining portion of the property were worth $265,000, which fully offset the Court of Claims' calculation of $148,000 in consequential damages.

In New York, as in most states, the value of these benefits cannot be used to reduce the direct damages for land that was taken, but they may reduce or offset the consequential damages (see 51 NY Jur 2d, Eminent Domain §§ 334, 335; 17B Carmody-Wait 2d § 108:122 at 197; Ridgeway Assoc. v State of New York, 40 AD2d 1051, 1053 [1972], affd 34 NY2d 678 [1974]; Chiesa v State of New York, 36 NY2d 21 [1974]; Reina v State of New York, 28 AD2d 1198 [1967]).

Consequently, this matter must be remitted to the Court of Claims for a new trial to determine the value of the benefits, if any, of the new highway to the remaining portion of the subject property after the taking, to offset the value of those benefits against the amount of consequential damages, and for the entry of an appropriate amended judgment thereafter (see Chester Indus. Park Assoc., LLP v State of New York, 65 AD3d 513 [2009]; Matter of County of Suffolk v Kalimnios, 275 AD2d 455, 457 [2000]; Matter of Iroquois Gas Transmission Sys., 226 AD2d 808, 809 [1996]; Yaphank Dev. Co. v County of Suffolk, 203 AD2d 280, 282 [1994]).

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.