■ Anthony Futia, Jr., et al., Appellants, v Westchester County Board of Elections et al., Respondents. [971 NYS2d 704]—

In a hybrid action, inter alia, for a judgment declaring that John Stipo is the elected "Town Committeeman, Republican Party, District #5, Town of North Castle, Westchester County, State of New York," and proceeding pursuant to Election Law article 16, the plaintiffs/petitioners appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Tolbert, J.), dated October 26, 2012, which, among other things, denied the declaratory relief requested with respect to John Stipo.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that John Stipo is not the elected Town Committeeman, Republican Party, District #5, Town of North Castle, Westchester County, State of New York.

The Supreme Court properly denied the plaintiffs/petitioners' request for a judgment declaring that John Stipo is the elected "Town Committeeman, Republican Party, District #5, Town of North Castle, Westchester County, State of New York." Under the circumstances of this case, Stipo's designating petition was a nullity (*see Matter of Fischer v NYS Bd. of Elections*, 98 AD3d 1067, 1068 [2012]). Although the plaintiffs/petitioners contend that the defendants/respondents violated their rights to, inter alia, due process and equal protection, those contentions were presented to the Supreme Court in a wholly conclusory manner

(*see Huntington Yacht Club v Incorporated Vil. of Huntington Bay*, 1 AD3d 480, 482 [2003]), and are without merit (*see Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 494 [2009]). Moreover, to the extent that the plaintiffs/petitioners are challenging the constitutionality of Election Law § 2-106 (3), nothing in the record indicates that they provided the requisite notice to the Attorney General (*see* Executive Law § 71 [3]; *Matter of McGee v Korman*, 70 NY2d 225, 231-232 [1987]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that John Stipo is not the elected Town Committeeman, Republican Party, District #5, Town of North Castle, Westchester County, State of New York (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.