Wesley Hills Ctr., LLC v State of New York (2022 NY Slip Op 00904)





Wesley Hills Ctr., LLC v State of New York


2022 NY Slip Op 00904


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14206

[*1]Wesley Hills Center, LLC, respondent,
v
State of New York, appellant. (Claim No. 125356)


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David S. Frankel of counsel), for appellant.
Michael M. Fufidio, Kings Park, NY, for respondent. 



DECISION & ORDER
In a claim to recover damages for the taking of real property pursuant to an eminent domain proceeding, the defendant appeals from a judgment of the Court of Claims (Thomas H. Scuccimarra, J.), dated September 20, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated February 26, 2018, made after a trial, and an order of the same court dated August 27, 2018, is in favor of the claimant and against the defendant in the principal sum of $432,000 for severance damages.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The defendant, State of New York, took by eminent domain a piece of land, measuring 6,026 square feet, along the frontage of Route 306 in the Village of Wesley Hills in Rockland County. This land was part of a shopping center owned by the claimant, Wesley Hills Center, LLC (hereinafter Wesley Hills). The taking resulted in nonconformities in parking spaces and the loss of a landscape buffer. On appeal, the State contends that Wesley Hills failed to establish its entitlement to severance damages.
The Court of Claims did not err in awarding severance damages to Wesley Hills. "When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that [they] may be put in the same relative position, insofar as this is possible, as if the taking had not occurred" (Lebov, LLC v State of New York, 185 AD3d 911, 912 [internal quotation marks omitted]). "In addition, 'when the State takes part of a condemnee's property and leaves a remainder, just compensation includes not only the direct damages for the portion that was taken, but also any consequential or indirect damages caused by the taking that impaired the remaining portion of the property'" (Crystal Run Assoc., LLC v State of New York, 169 AD3d 764, 765, quoting Lerner Pavlick Realty v State of New York, 98 AD3d 567, 568; see Lebov, LLC v State of New York, 185 AD3d at 912). "'Consequential damages, also known as severance damages, reflect the fact that in addition to the loss of value of the property actually taken, the condemnee's remaining property may suffer a diminution in value as a result of the loss of the condemned parcels'" (RA Three RDS, LLC v State of New York, 169 AD3d 731, 732, quoting Murphy v State of New York, 14 AD3d 127, 132). "Damages for such a loss must be based upon either the opinion of an experienced, knowledgeable expert or on actual market data showing a reduction in the value of the remainder [*2]as a result of the appropriation" (Lebov, LLC v State of New York, 185 AD3d at 913 [alterations and internal quotation marks omitted]; see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d 787, 793). The severance damages awarded here were based on the opinions of experienced, knowledgeable experts.
"Where there is a partial taking of land, courts usually apply a before and after rule, which measures damages as the difference between the fair market value of the whole property before the taking and the fair market value of the remainder of the property after the taking. In determining an award to an owner of condemned property, the findings must either be within the range of [the] expert testimony or be supported by other evidence and adequately explained by the court" (Elpa Bldrs., Inc. v State of New York, 196 AD3d 541, 542-543 [citations and internal quotation marks omitted]; see Lebov, LLC v State of New York, 185 AD3d at 912). "The measure of damages . . . must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (Elpa Bldrs., Inc. v State of New York, 196 AD3d at 543 [internal quotation marks omitted]; see Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d 994, 995). Both Wesley Hills' expert appraiser, Ronald Haberman, and the State's expert appraiser, Kenneth Golub, agreed in their respective reports that the property was being put to its highest and best use as a shopping center on the date of the taking. The Court of Claims' measure of severance damages was within the range of the expert testimony, and was adequately explained by the court.
The authority of this court to review findings of fact after a nonjury trial is as broad as that of the trial court. "This court 'may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d at 995, quoting Matter of Mazur Bros., Inc. v State of New York, 97 AD3d 826, 828 [internal quotation marks omitted]). "Where the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal" (Elpa Bldrs., Inc. v State of New York, 196 AD3d at 543 [alterations and internal quotation marks omitted]; see Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 139 AD3d 863, 866). Here, the Court of Claims' explanation of the reasoning for its award of severance damages is supported by the evidence.
"Whether a partial taking diminishes the value of the remaining property is a credibility issue for the trial court" (Lebov, LLC v State of New York, 185 AD3d at 913 [internal quotation marks omitted]; see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d at 793). Here, the Court of Claims found that several factors undermined Golub's assessment of the fair market value of the remainder of the subject property, and there is no basis to disturb that determination.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court