20 Rewe St., Ltd. v State of New York (2022 NY Slip Op 05145)

20 Rewe St., Ltd. v State of New York

2022 NY Slip Op 05145

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-10193
2019-10194

[*1]20 Rewe Street, Ltd., appellant, 
v
State of New York, respondent. (Claim No. 121234)

Goldstein, Rikon, Rikon, Houghton, P.C., New York, NY (Jonathan Houghton and Ashley Levi of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages arising from a partial taking of real property, the claimant appeals from (1) a decision of the Court of Claims (Michael E. Hudson, J.), dated April 4, 2019, and (2) a judgment of the same court dated July 17, 2019. The judgment, insofar as appealed from, upon the decision, made after a trial, is in favor of the claimant and against the defendant in the principal sum of only $3,310,500.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
This appeal involves the determination of just compensation for the partial taking of property in Greenpoint, Brooklyn, owned by the claimant, 20 Rewe Street, Ltd. Prior to the taking, the parcel was a 39,900 square foot double-cornered property with a maximum floor area ratio (hereinafter FAR) of 2.0, located in a M3-1 (Manufacturing/Industrial) zone. The property was unimproved, except for a concrete wall and a chain-link fence, and was used for storage and the parking of construction equipment and vehicles. On January 13, 2012, the New York State Department of Transportation appropriated 27,041 square feet of the northern side of the property as part of the Kosciuszko Bridge Project, leaving a remainder property of approximately 206 feet by 60 feet (12,859 square feet). The claimant commenced this claim seeking damages from the State as just compensation for the taking.
Following a trial, the Court of Claims awarded the claimant the principal sum of $3,310,500. The court found the valuation approach of the State's appraiser to be more persuasive than that of the claimant's appraiser. The court, therefore, based the award on the pre-taking value of the property proffered by the State's appraiser, with one upward modification to account for a mistake in that appraiser's access adjustment. The court rejected the time, zoning, and size [*2]adjustments made by the claimant's appraiser, finding that those adjustments were not supported by the evidence, while the adjustments made by the State's appraiser were largely appropriate. The court also rejected the claimant's challenges to the State's comparable sale properties.
Based on the State's appraisal, with the 10% access adjustment, the Court of Claims found that the pre-taking value of the property was $4,389,000, representing 79,800 square feet of FAR at $55 per square foot. Thus, the taking of 54,082 square feet of FAR resulted in a direct land loss of $2,974,510. The court accepted the State's higher figure of $53,092 for the value of the loss of improvements. To determine the value of the remainder property after the taking, the court noted that the claimant's appraiser had proffered a 17% reduction in value (per square foot of FAR), while the State's appraiser had proffered a 20% reduction in value. The court accepted the State's higher percentage diminution as an admission against interest by the State. The court thus concluded that the value of the remainder parcel was $44 per square foot of FAR, resulting in severance damages of $282,898. Judgment was thereafter entered in favor of the claimant and against the State in the principal sum of $3,310,500. The claimant appeals.
The Takings Clause of the Fifth Amendment, applicable to the states through the 14th Amendment, provides that private property shall not "be taken for public use, without just compensation" (US Const, 5th Amend). "'When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that he [or she] may be put in the same relative position, insofar as this is possible, as if the taking had not occurred'" (Lebov, LLC v State of New York, 185 AD3d 911, 912, quoting Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 359 [internal quotation marks omitted]). "'The measure of damages in a condemnation case must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time'" (Elpa Bldrs., Inc. v State of New York, 196 AD3d 541, 543, quoting Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d 1087, 1088 [internal quotation marks omitted]).
"Where, as here, there is a partial taking of real property, the measure of damages is the difference between the value of the whole before the taking and the value of the remainder after the taking" (Elpa Bldrs., Inc. v State of New York, 196 AD3d at 543 [internal quotation marks omitted]; see Lebov, LLC v State of New York, 185 AD3d at 912; Matter of County of Orange v Monroe Bakertown Rd. Realty, Inc., 130 AD3d 823, 825). "[J]ust compensation includes not only the direct damages for the portion that was taken, but also any consequential or indirect damages caused by the taking that impaired the remaining portion of the property" (Lerner Pavlick Realty v State of New York, 98 AD3d 567, 568). "Consequential damages are measured by the difference between the before and after values, less the value of the land and improvements appropriated" (id. at 568; see Mil-Pine Plaza v State of New York, 72 AD2d 460, 462). "'In determining an award to an owner of condemned property, the findings must either be within the range of expert testimony or be supported by other evidence and adequately explained by the court'" (Elpa Bldrs., Inc. v State of New York, 196 AD3d at 543, quoting Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d 994, 996 [internal quotation marks omitted]; see Matter of City of New York [Reiss], 55 NY2d 885, 886).
"'In condemnation cases, the authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court'" (Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d at 995, quoting Matter of Mazur Bros., Inc. v State of New York, 97 AD3d 826, 828). "This court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d at 995 [internal quotation marks omitted]; see Matter of Mazur Bros., Inc. v State of New York, 97 AD3d at 828). However, "[w]here the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal" (Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC, 74 AD3d 804, 806; see Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 139 AD3d 863, 866).
Here, the determination of the Court of Claims to credit the appraisal of the State's [*3]expert, with one adjustment, over that of the claimant's expert was supported by the record and was adequately explained (see CPLR 4213[b]; see Elpa Bldrs., Inc. v State of New York, 196 AD3d at 544).
"The court's assessment of the suitability of proposed comparable sales is a matter resting within its sound discretion" (Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 139 AD3d at 866; see Matter of Metropolitan Transp. Auth., 86 AD3d 314, 326). The comparable sales proffered by the State's expert were "'sufficiently similar to serve as a guide to the market value of the [subject property], notwithstanding differences between these comparables and the [subject] property'" (FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189, quoting Matter of General Elec. Co. v Town of Salina, 69 NY2d 730, 732). The State's appraiser "sufficiently and credibly explained the basis for his selection of comparable properties and relevant adjustments made to the valuation of these properties" (Matter of Village of Haverstraw [AAA Electricians, Inc.], 114 AD3d 955, 957). The claimant's specific challenges to comparable sales B through F are without merit. Further, the rejection by the Court of Claims of certain adjustments made by the claimant's appraiser was supported by the evidence. Accordingly, the court properly accepted the pre-taking value of the property proffered by the State's appraiser, with one upward adjustment which the court adequately explained (see Elpa Bldrs., Inc. v State of New York, 196 AD3d at 544; Lebov, LLC v State of New York, 185 AD3d at 912).
Contrary to the claimant's contention, the Court of Claims did not base its determination of the amount of consequential damages to the remainder property on a finding as to the highest and best use of the remainder property. Rather, the court applied a percentage reduction to the value of the remainder parcel per square foot of FAR, utilizing the higher 20% figure proffered by the State as an admission against the State's interest. The claimant does not challenge the percentage diminution method used by the court. Since the claimant proffered a lower diminution figure, it failed to meet its burden of establishing an entitlement to higher severance damages (see Lerner Pavlick Realty v State of New York, 98 AD3d at 568).
Accordingly, the determination of the Court of Claims to award the claimant the principal sum of $3,310,500 as just compensation for the taking will not be disturbed (see Elpa Bldrs., Inc. v State of New York, 196 AD3d at 544).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court