Elite Promotion Sys., Inc. v State of New York

2026 NY Slip Op 01938

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Elite Promotion Systems, Inc., appellant,

v

State of New York, respondent. (Claim No. 124818)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-05057

Mark C. Dillon, J.P.

Paul Wooten

Carl J. Landicino

James P. Mccormack, JJ.

Horing Welikson Rosen & Digrugilliers, P.C., Williston Park, NY (Richard T. Walsh of counsel), for appellant.

Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Blair J. Greenwald, and Joshua Cohen of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim to recover damages arising from the taking of real property, the claimant appeals from a judgment of the Court of Claims (Michael E. Hudson, J.), dated May 28, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated March 2, 2020, made after a nonjury trial, is in favor of the claimant and against the defendant in the principal sum of only $3,400,000.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

The claimant was the owner of a 20,167-square-foot parcel of real property located in Greenpoint, Brooklyn near the Brooklyn-Queens Expressway. The property was improved with two tenant-occupied industrial buildings. In addition, two billboard signs used for advertising were erected on the property. In 2011, the New York State Department of Transportation appropriated the property pursuant to Highway Law § 30 and the Eminent Domain Procedure Law for the purpose of improving the Kosciuszko Bridge along the Brooklyn-Queens Expressway. In 2014, the claimant commenced this claim to recover damages from the State of New York as just compensation for the taking. Following a nonjury trial, the Court of Claims issued a decision dated March 2, 2020, finding that the claimant was entitled to the principal sum of $3,400,000 as just compensation for the taking of the property. A judgment dated May 28, 2020, was then entered in favor of the claimant and against the State in the principal sum of $3,400,000. The claimant appeals.

"'When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that he [or she] may be put in the same relative position, insofar as this is possible, as if the taking had not occurred'" (Lebov, LLC v State of New York, 185 AD3d 911, 912 [internal quotation marks omitted], quoting Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 359). "'The measure of damages in a condemnation case must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time'" (Elpa Bldrs., Inc. v State of New York, 196 AD3d 541, 543 [internal quotation marks omitted], quoting Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d 1087, 1088). "The determination of highest and best use must be based upon evidence of a use which reasonably could or would be made of the property in the near future" [*2](Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d at 1088).

"'In determining an award to an owner of condemned property, the findings must either be within the range of expert testimony or be supported by other evidence and adequately explained by the court'" (Matter of Village of Haverstraw [Ray Riv. Co., Inc.], 191 AD3d 994, 996 [internal quotation marks omitted], quoting Matter of 730 Equity Corp. v New York State Urban Dev. Corp., 142 AD3d at 1089). "'In condemnation cases, the authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court'" (id. at 995, quoting Matter of Mazur Bros., Inc. v State of New York, 97 AD3d 826, 828). "'This court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (id. [internal quotation marks omitted]). However, "[w]here the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal" (Elpa Bldrs., Inc. v State of New York, 196 AD3d at 543 [internal quotation marks omitted]).

Here, since the Court of Claims's determination of the amount of damages that the claimant was entitled to was within the range of the parties' expert testimony and was also adequately explained, there is no reason to disturb the determination (see 20 Rewe St., Ltd. v State of New York, 208 AD3d 1140, 1142; Lebov, LLC v State of New York, 185 AD3d at 912; Chester Indus. Park Assoc., L.P. v State of New York, 103 AD3d 827, 828). Contrary to the claimant's contention, the court's determination not to award any damages for the two billboard signs was within the range of expert testimony and supported by the record. There was expert testimony, inter alia, that the signs violated the applicable zoning regulations because they were within 200 feet of an arterial highway; that while the signs were initially permitted as accessory signs, they could no longer be used as accessory signs given their size and the claimant's failure to continually use them as accessory signs; and that there was no reasonable probability that the zoning regulations would be changed to permit the use of the signs for advertising. Thus, the court properly rejected the claimant's contention that the highest and best use of the property included the use of the two signs (see Matter of Town of Islip [Mascioli], 49 NY2d 354, 360; J. Nazzaro Partnership, L.P. v State of New York, 205 AD3d 690, 693).

In addition, the Court of Claims's determination to value the vacant land in between the two industrial buildings at $400,000 was within the range of expert testimony and supported by the record. The court properly rejected the claimant's proposed highest and best use of the property to include the development of this land given the evidence that the land was needed to satisfy certain parking requirements and provided necessary access to the two industrial buildings (see J. Nazzaro Partnership, L.P. v State of New York, 205 AD3d at 693).

The claimant's remaining contention is without merit.

DILLON, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court